865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emogene PUSH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-2189.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1988.
 
 E.D.Mich.
 AFFIRMED.
 On Appeal from the United States District Court for the Eastern District of Michigan.
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court affirming the Secretary's final decision denying appellant Emogene Push's claim for disability insurance benefits under Title II of the Social Security Disability Act, 42 U.S.C. Sec. 401 et seq. (1982). In reviewing this issue, this court must determine whether the Secretary's decision is supported by substantial evidence and whether the correct legal standards were applied. Gardner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Applying this standard to the instant case, we affirm the judgment of the district court.
 
 I.
 
 2
 This is the plaintiff's second claim for benefits. After she filed her first benefits application on August 29, 1975, the Secretary awarded her a period of disability beginning on March 17, 1975. Based on a continuing disability review evaluation, Push was notified that her disability had ceased in November 1981. Her entitlement to benefits therefore terminated in January 1982. Plaintiff appealed and on April 29, 1983, an Administrative Law Judge ("ALJ") found that her disability had ceased and that benefits were properly terminated. The Appeals Council upheld that decision and no appeal was taken.
 
 
 3
 Plaintiff filed this application for disability benefits on November 2, 1983, alleging April 29, 1983 as the disability onset date. In this application, Push alleged that she suffered from back pain and arthritic and fibrositic disorders which have prevented her from working since March 1975. Now 53 years old, the plaintiff completed the fifth grade and worked for twenty three years as a machine operator. She claims that she had to leave this job in March 1975, as a result of pain in her lower back and legs.
 
 
 4
 The Social Security Administration denied plaintiff's second application. On November 13, 1984, the ALJ considered the case de novo and found that the plaintiff suffered from severe psychogenic pain disorder. However, the ALJ determined that she did not have an impairment or combination of impairments equal to the Secretary's listing of impairments at 20 C.F.R. Part 404 Subpt. P. App. 1, (1988) that she could return to work, and that therefore she was not disabled. The Appeals Council denied Push's request for review of the ALJ's decision thereby allowing it to become the Secretary's final decision.
 
 
 5
 Plaintiff then filed a complaint in the district court pursuant to 42 U.S.C. Sec. 405(g), for judicial review of the Secretary's decision. The district court remanded the matter to the Secretary for an evaluation of Push's alleged mental impairment. On remand, without benefit of a hearing, the ALJ issued a notice of recommended decision dated May 1, 1986, wherein he concluded that Push had the residual capacity to perform her past relevant work and was not disabled. The ALJ based his decision on witness testimony, the medical evidence in the record, and the medical vocational guidelines set out at 20 C.F.R. Sec. 404.1501 et seq. The ALJ also relied on the plaintiff's testimony, including that she watches television, reads, drives an automobile, attends church, socializes with friends and does light housework, including cooking, dusting, and washing dishes.
 
 
 6
 Before the Appeals Council, Push filed objections to the ALJ's proposed decision. In order to allow her the opportunity to present additional evidence and oral testimony at a hearing, the Appeals Council again remanded this case to the ALJ. On January 13, 1987, a second administrative hearing was held where additional evidence was offered. On March 26, 1987, the ALJ again found that the plaintiff was capable of performing her prior relevant work and found her not disabled. After receipt of plaintiff's objections, the Appeals Council, on May 26, 1987, adopted the ALJ's findings. Thereafter, the case was reinstated to the district court's docket and assigned to a magistrate.
 
 
 7
 The parties submitted cross motions for summary judgment, and on October 22, 1987, the magistrate recommended that summary judgment be granted to the Secretary. On November 2, 1987, Push filed objections to the Magistrate's report. On November 13, 1987, the district court rejected Push's objections and accepted the magistrate's recommendation finding that the Secretary's determination was supported by substantial evidence. This timely appeal followed.
 
 II.
 
 8
 The question before this court is whether substantial evidence supports the Secretary's determination that Push is not disabled. See 42 U.S.C. Sec. 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 851 (6th Cir.1986) (quoting Richardson v. Perales, 402 U.S. 389 (1971)). The task of this court is to review the record in its entirety to determine if the Secretary's findings are supported by substantial evidence. Houston v. Secretary of Health & Human Services, 736 F.2d 365, 366 (6th Cir.1984).
 
 A.
 
 9
 The Secretary decided that the plaintiff could perform her past relevant work and that she failed therefore to establish a prima facie case of disability under the Act. It is well established that the burden of proof is upon the claimant to demonstrate that a disability prevents her from performing substantial gainful activity. Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 529 (6th Cir.1981). We recently held that under the Act, a claimant is required to demonstrate that she is unable "to return to his former type of work and not just to his former job." Studaway v. Secretary of Health & Human Services, 815 F.2d 1074, 1076 (6th Cir.1987) (quoting Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986)).
 
 
 10
 The plaintiff argues that she is unable to perform her prior relevant work as a machine operator. We disagree. In Preston v. Secretary of Health & Human Services, 854 F.2d 815 (6th Cir.1988), we held that a claimant with fibrositis could not perform sedentary work because she could "not maintain any one position (e.g., sitting or standing) for any significant length of time." Id. at 819. Here, however, there is scant medical evidence indicating that Push's physical limitations preclude her from engaging in sedentary work. In fact, in his September 1981 report, Dr. Stubbs stated that the plaintiff was capable of performing a limited range of light work. As the ALJ observed, "no more recent findings indicate that the claimant is more restricted now." J.App. at 400. Furthermore, the ALJ observed that "[w]hile the claimant did vary between a seated and standing position during the [October 1984] hearing, her appearance and demeanor did not suggest any degree of discomfort." Id. at 401. While we recognize that Dr. Baker's July 1986 report states that the plaintiff "is not able to carry on any gainful employment," Id. at 416, this general statement regarding Push's condition does not provide a range of her physical restrictions, such as was provided in Preston. Moreover, unlike the claimant in Preston, who was severely restricted, see 854 F.2d at 819, Push is only moderately restricted. Thus, Preston is readily distinguishable from the instant case.
 
 
 11
 We stated in Wages v. Secretary of Health & Human Services, 755 F.2d 495 (6th Cir.1985), that the Social Security guidelines for sedentary work are defined in terms of "substantial sitting as well as some standing and walking." Id. at 498. However, we also stated that "[a] alternating between sitting and standing ... may not be within the definition of sedentary work." Id. In this case, because Push has not submitted any evidence which demonstrates that she is restricted from standing or sitting for any significant length of time, we find that there was substantial evidence to support the ALJ's conclusion that Push could perform her past relevant work.
 
 B.
 
 12
 We next address plaintiff's claim that the severity of the pain resulting from her fibrositis precludes her from performing 1) her past relevant work and 2) any substantial gainful employment. This court in Duncan explained the two step statutory analysis for determining the credibility of a claimant's subjective complaints of disabling pain as follows:
 
 
 13
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce such alleged disabling pain.
 
 
 14
 801 F.2d at 235.[1] Moreover, in Preston we addressed the complications which arise when employing this analysis with respect to pain allegedly resulting from fibrositis. We explained that:
 
 
 15
 In stark contrast to the unremitting pain of which fibrositis patients complain, physical examinations will usually yield normal results--a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. There are no objective tests which can conclusively confirm the disease; rather it is a process of diagnosis by exclusion and testing of certain 'focal tender points' on the body for acute tenderness which is characteristic in fibrositis patients may also have psychological disorders. The disease commonly strikes between the ages of 35 and 60 and affects women nine times more than men.
 
 
 16
 Preston, 854 F.2d at 817-18 (emphasis supplied). Based on the unique nature of the disease, we concluded that standard clinical evidence is not "highly relevant in diagnosing fibrosistis and its severity." Id. at 820.
 
 
 17
 In this case, Push's treating physician, Dr. Stubbs, reported in April 1983 that he could not provide medical evidence which showed objective deformity, limitation of motion, swelling or other findings," although he concluded that an examination of the claimant's medical history suggests that she is "significantly disabled." J.App. at 272. The ALJ noted that Dr. Stubbs believed claimant's "pain was severe" although he "could not provide a definite diagnosis." J.App. at 336. The ALJ further noted that "Dr. Stubbs considered the claimant's pain as mild to moderate ..., and in September, 1981 believed that the claimant was capable of performing a limited range of light work." J.App. at 400. Dr. Baker reported in 1984 that the claimant had fibrositis and degenerative arthritis. J.App. at 300. In 1985, he noted that the clinical tests were normal, although "x-rays of the hands do show ... degenerative arthritis." J.App. 317-318. However, the ALJ found that Dr. Baker's reports were not dispositive in substantiating "the existence of any physical impairment that significantly limits the claimant's ability to perform such basic work activities as standing [or] walking ..." J.App. at 335. Furthermore, the ALJ noted that he "previously did not accept Dr. Baker's diagnosis in this case" and that Dr. Baker's "most recent report ... [was] very 'iffy' on the diagnosis [of fibrositis]...." J.App. at 336.
 
 
 18
 While the Secretary argues that objective medical evidence does not support Dr. Baker's opinion that Push suffers from disabling fibrositic pain, the clinical tests and x-rays relied upon by the Secretary "are not highly relevant in diagnosing fibrositis or its severity." Preston, 854 F.2d at 820. However, the ALJ properly went beyond the medical evidence and examined circumstantial evidence indicative of Push's complaints of pain. In particular, the ALJ noted that the plaintiff does housework (including washing the dishes, cooking and dusting) and that she drives, attends church, socializes with friends and watches television. J.App. at 260, 376. Also, the plaintiff stated that certain medication reduced the inflammation and soreness in her muscles. Applying the Duncan test to our facts, we find that the plaintiff has failed to introduce evidence that supports the severity of pain arising from her medical condition, or that her condition could reasonably be expected to cause the severity of pain which she alleges.
 
 C.
 
 19
 Finally, Push argues that the application of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (1988), would suggest a finding that she is disabled. Push, however, has the initial burden of showing she is disabled, Ragan v. Finch, 436 F.2d 237 (6th Cir.1970), cert. denied, 402 U.S. 986 (1971), and she has failed to shoulder this burden. Moreover, Push overlooks the fact that the Secretary denied benefits at the fourth step of the five-step sequential evaluation, prior to the stage when employment of the Secretary's guidelines is appropriate. See 20 C.F.R. Sec. 404.1520(e). Since, the plaintiff has not shown that she cannot perform her past relevant work, she has not established a prima facie case of disability under the Act, and shifted the burden of proof to the Secretary. Accordingly, we find this claim is without merit.
 
 III.
 
 20
 After careful consideration of the evidence presented, we agree with the district court that the Secretary's determination is supported by substantial evidence. Therefore, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Even though the Disability Reform Act which was considered in Duncan no longer applies, 20 C.F.R. Sec. 404.1529 still governs the analysis of subjective pain and its symptoms