**Raymond IIDA, Plaintiff-Appellant,**

v.

**Mary Margaret HECKLER \*, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–3248.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 31, 1983.\*\*

Decided May 5, 1983.

---

\* Any action for disability benefits survives a change in a person occupying the office of the Secretary. 42 U.S.C. § 405(g). The new Secretary's name is hereby substituted. Fed.R. App.P. 43(c).

\*\* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C. Ninth Circuit Rule 3(a) and Fed.R. App.P. 34(b).

Michael R. Stebbins, Hayner, Waring, Stebbins & Coffey, North Bend, Or., for plaintiff-appellant.

Sidney I. Lezak, U.S. Atty., Portland, Or., for defendant-appellee.

Before CHOY, ALARCON and CANBY, Circuit Judges.

ALARCON, Circuit Judge:

Raymond Iida (Iida) appeals from the judgment of the district court affirming a decision of the Secretary of Health and Human Services (Secretary) terminating Iida's period of disability and Social Security disability benefits. Iida contends that the Secretary's decision is not supported by substantial evidence, as required by 42 U.S.C. § 405(g). We agree and reverse the decision of the district court.

## I.  PERTINENT FACTS

Iida filed an application for Social Security disability insurance benefits on September 14, 1977. He was found to be unable to work due to back injuries and subsequent multiple surgeries in treatment of the injuries. The Secretary found Iida entitled to a period of disability with benefit payments commencing June 1, 1977. Re-examination of Iida's condition was scheduled for January, 1979.

In a letter dated January 15, 1979, the Department of Health and Human Resources (Department) informed Iida that the Social Security Administration had requested a review of his disability status to determine whether Iida's back condition continued to prevent him from working. The letter contained a Disabled Person Report Form, which Iida completed and returned, indicating that his condition had not improved.

In a letter dated February 12, 1979, the Department notified Iida that he had regained his ability to engage in substantial gainful activity as of February, 1979. Iida was given ten (10) days to submit any additional evidence, prior to a formal determination by the Social Security Administration. The Department's letter indicated that although Iida had a "moderately severe back problem" he "should be able to perform his past work with his present residual functional capacity" and therefore his disability status must cease as of February, 1979.

The determination to terminate Iida's benefits was based upon the reports of three orthopedists and a neurologist. Those reports were as follows.

Dr. J.P. Williams had treated Iida in 1977, at the time Iida initially applied for disability benefits. In a March 6, 1979 report, Dr. Williams stated that Iida had not regained his ability to engage in substantial gainful activity and that his condition had worsened since 1977. Dr. Williams listed the maximum possible activities Iida could undertake daily: walking two to three hours; sitting two to three hours; standing one hour; no repeated bending or reaching; and, no lifting over 20 pounds.

The second orthopedist, Dr. Jeffrey Bert, had been hired by the Secretary to examine Iida. Dr. Bert found that Iida was capable of only the very lightest of part-time jobs that would exclude sitting for over a half hour, long walks, and standing. Dr. Bert concluded that Iida was "almost completely disabled" and on a "permanent basis".

The third orthopedist, Dr. Donald G. Hill, stated that termination of Iida's benefits seemed to be a callous disregard of the patient's conditions and needs.

The neurologist Dr. Clifford J. Schostal examined Iida and found no neurological

abnormalities and deferred to the orthopedic judgment and findings regarding the back condition.

On May 8, 1979, Iida received formal notice from the Social Security Administrator informing him that he had been determined to be "no longer disabled under social security law". Iida requested reconsideration, but the ruling of the Department was not changed.

On September 11, 1979, Iida filed a request for a hearing before the Administrative Law Judge (ALJ). Following a December 3, 1979 hearing, the ALJ found that Iida's benefits were properly terminated.

Iida filed a request for review of the ALJ's decision. In an order issued on November 5, 1980, the Appeals Council vacated the hearing decision and remanded the case to the ALJ "for further proceedings, including a new decision."

Upon remand, the ALJ again found Iida's benefits were properly terminated. Iida filed another request for review of the hearing decision. The council stated that substantial evidence existed to support the conclusions of the ALJ terminating the benefits and therefore no basis existed for granting the request for review.

Iida then instituted this action in the district court. On April 8, 1982, the district court affirmed the Secretary's decision and dismissed the action. Iida timely appealed to this court.

## II. ISSUE

The issue on appeal is whether, pursuant to 42 U.S.C. § 405(g), there is substantial evidence in the record to support the Secretary's decision to terminate Iida's Social Security disability benefits.

## III. ANALYSIS

■ A claimant seeking a ruling of disability bears the burden of proving that he is disabled. That burden continues even after an initial determination of disability. *Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir.1982). After the initial determination of disability is made, however, the claimant

is entitled to a presumption that his or her disability still exists. *Patti v. Schweiker,* 669 F.2d 582, 586–587 (9th Cir.1982). Therefore, to terminate disability benefits, the Secretary has the burden of coming forward with evidence that the claimant's condition has improved since the initial disability determination. 669 F.2d 587. In the absence of proof to the contrary, it is presumed that the condition remains unchanged. 669 F.2d 586–587.

■ Iida contends that the Secretary has not carried her burden of coming forward with evidence that the condition has improved since Iida was granted disability benefits. The Secretary contends that there is conflicting medical evidence and the Secretary must resolve the conflict. We disagree. The three orthopedic reports, including that of Dr. Jeffrey Bert who had been hired by the Secretary, indicate continuing serious injury and an inability to engage in other than limited activity for limited periods of time. In fact, one of the reports indicates that Iida is "almost completely disabled and on a permanent basis." The Secretary has failed to present substantial evidence to overcome the presumption that Iida's disability still exists.

■ Iida seeks reinstatement of his disability benefits without further agency proceedings. Such action is appropriate when a new administrative hearing would serve no useful purpose. *Kornock v. Harris,* 648 F.2d 525, 527 (9th Cir.1980). Benefits wrongfully terminated should be reinstated without further agency proceedings. *Cassiday v. Schweiker,* 663 F.2d 745, 750 (7th Cir.1981). We so direct.

REVERSED and REMANDED.