James **FISHER**, Plaintiff,

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

No. C–82–6525–WWS.

United States District Court, N.D. California.

June 30, 1983.

Barbara A. Walsh, Law Office of Isaac Fluss, Santa Rosa, Cal., for plaintiff.

Patrick Ramirez S. Bupara, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

This is an action under the Social Security Act (42 U.S.C. § 405(g)) to review the final decision of the Secretary of Health and Human Services ("the Secretary") terminating disability benefits previously granted to plaintiff, James Fisher. The Secretary terminated plaintiff's benefits because he found that the plaintiff was no longer disabled. The Administrative Law Judge ("ALJ") found that although plaintiff is unable to return to his former job as a butcher because that work entails heavy exertion, he is capable of performing light work and is therefore no longer entitled to disability benefits. Plaintiff appeals that decision and the matter is now before the Court on cross-motions for summary judgment.

### I. Background of the Claim

Plaintiff is a fifty-five year old black man. He is married and has four children. He completed six years of elementary school and had no vocational training other than that which he acquired on the job in his 21 years as a laborer in slaughterhouses and meat packing plants and in his 11 years as a butcher. He has not worked since May 1978.

Plaintiff injured his lower back several times in the course of his job as a butcher. In 1977 he fell from a scaffold and was off work for several months, but was able to return to his job for a year and a half in 1977 and 1978. In 1978 he slipped on animal fat and fell, again injuring his back. He applied for disability benefits in December 1978. He was found to be disabled and

awarded benefits effective August 1978. At that time plaintiff's physician, Dr. Wagner, diagnosed a degenerative disc disease, although he found no signs of sensory, motor, or reflex abnormality. [Court Transcript 14 and 111] Dr. Wagner prescribed physical therapy and a back brace which plaintiff wore until early 1982 when it wore out. He has apparently been able to get along without the brace and did not replace it because it was expensive and uncomfortable. [C.T. 52]

The Social Security Administration periodically reviews claimants' eligibility for disability benefits. It investigated plaintiff's status and decided that as of March 1980, he was no longer entitled to benefits because he was no longer disabled. Plaintiff contested this finding and informed the Social Security Administration that he still considers himself disabled due to high blood pressure, his bad back, and general pain. [C.T. 73, 88–104] The matter was heard before an administrative law judge.

## II. The ALJ's Opinion

The ALJ concluded that plaintiff's back problems prevent him from returning to his former job as a butcher, but that he is otherwise capable of performing light work and is therefore no longer disabled and is not entitled to disability benefits. The evidence upon which the ALJ based his opinion consists of: medical reports from Dr. Wagner, a physician who treated plaintiff for back problems; a medical report from Dr. Cohen who treated plaintiff for hypertension and mild high blood pressure; a neurological evaluation of plaintiff by Dr. Finley, a non-treating physician who was consulted to assess plaintiff's condition; a medical evaluation of plaintiff by Dr. Jackson, another non-treating physician; and plaintiff's testimony at the administrative hearing.

With respect to plaintiff's complaint of high blood pressure, the ALJ found that his hypertension was controllable with medication and did not constitute a disability as defined by the applicable regulations. [C.T. 15] This conclusion was consistent with the views of Dr. Cohen who treated plaintiff for hypertension. In a report dated February 7, 1980, Dr. Cohen described plaintiff's condition as "stable and satisfactory." [C.T. 112]

With respect to plaintiff's back problems, the ALJ rejected the findings of plaintiff's treating physician who submitted reports through February 1981 diagnosing plaintiff as having a herniated disc requiring surgery or a special corrective flexion jacket. He found Dr. Wagner's conclusions to be unsupported by objective clinical evidence of abnormality, to be inconsistent with the findings of Dr. Finley, the neurologist who examined plaintiff in March 1980, and to be inconsistent with plaintiff's own testimony and the ALJ's observations of plaintiff at the administrative hearing. [C.T. 14–16]

## III. Applicable Law

Plaintiff's motion for summary judgment challenges the Secretary's finding that plaintiff, who was awarded disability benefits effective August 1978, ceased to be disabled within the meaning of the Social Security Act after March or April 1980. Plaintiff argues that there is no substantial evidence to support the conclusion that his condition improved, that his disability had ceased, or that the initial award of benefits was clear error. Plaintiff also challenges the Secretary's use of medical-vocational guidelines to determine that he is capable of light work and the failure of the Secretary's to name specific jobs for which plaintiff is qualified.

### A. Termination of Disability Benefits

The Social Security Act defines "disability" as an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Secretary initially determined that plaintiff was disabled, but upon review of his eligibility decided that plaintiff's disability had ceased as of March 1980. It is clear that the Secretary has authority to terminate disability benefits when he obtains evidence that a recipi-

ent is no longer disabled. 42 U.S.C. § 425; 20 C.F.R. §§ 405.1590(a), 414.1594(a). *See also Simpson v. Schweiker,* 691 F.2d 966, 969 (11th Cir.1982).

A claimant seeking to obtain disability benefits bears the burden of proving that he is disabled. *Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir.1982). If the Secretary initially determines that a claimant is disabled and awards him benefits, he may not, however, terminate those benefits unless he comes forward with evidence that the claimant's condition has improved. *Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir.1982); *Iida v. Heckler,* 705 F.2d 363 (9th Cir.1983). *Accord Musgrove v. Schweiker,* 552 F.Supp. 104, 106 (E.D.Pa. 1982). The ultimate burden of proof remains with the claimant to establish that he continues to be disabled, but the claimant is entitled to a presumption that the disability exists once benefits have been awarded. In a termination of benefits case, the Secretary has the burden of coming forward with evidence to rebut this presumption. *Patti,* 669 F.2d at 587.

The legal question presented here is whether the Secretary has produced substantial evidence to support his conclusion that plaintiff's condition has improved and that he is no longer disabled. The Court finds that the Secretary has met this burden and overcome the presumption of continuing disability to which plaintiff is entitled.

Plaintiff's own physician, Dr. Cohen, described his hypertension and blood pressure condition as "stable and satisfactory." [C.T. 112] The ALJ found that the October 1980 examination by Dr. Jackson did not alter this conclusion that plaintiff's hypertension was controllable with medication and was not associated with organ damage. [C.T. 15] There is no basis for this Court to set aside that finding.

Plaintiff's principal complaint is that his back problems prevent him from engaging in any gainful occupation. The initial determination of disability was apparently based on the back injuries plaintiff suffered

at work and the resulting pain, impairment in mobility, and inability to lift heavy objects. The ALJ relied on plaintiff's own testimony, on his observations of plaintiff at the hearing, and on a neurological examination performed in March 1980 in concluding that plaintiff's back condition was no longer disabling.

Dr. Finley, the neurologist who evaluated plaintiff in March 1980 after the initial award of benefits, found no physical or objective neurological abnormalities which would cause a nerve root irritation in plaintiff's lower extremities. This physician was "not impressed" by the limitation of movement in the trunk and pelvis and found no need for the type of surgery recommended by the treating physician, Dr. Wagner. He found no impairment in plaintiff's ability to bend or lift and suspected that there was "an element of dependency and exaggeration of subjective complaints." [C.T. 117–20] Plaintiff did not testify to having disabling pain and the ALJ noted that he appeared to be in no distress and sat comfortably throughout the 55 minute administrative hearing and walked away normally. [C.T. 15]

The ALJ's decision to rely on his observation of plaintiff and to adopt the opinion of Dr. Finley over that of Dr. Wagner who treated plaintiff for back ailments was within his prerogative. *Sample v. Schweiker,* 694 F.2d 639, 643 (9th Cir.1982). Where evidence is susceptible of more than one rational interpretation, the ALJ's determination must be respected. *Id.* at 642.

Although the ALJ made no specific finding that plaintiff's condition had improved since the initial award of benefits, such a finding is implicit in his conclusion that as of March 1980—the date of the neurological examination—plaintiff was not disabled and was capable of performing light work. The Court finds, therefore, that the Secretary did come forward with substantial evidence that plaintiff's condition had improved since the initial determination of disability and that there is no basis for setting aside the Secretary's decision to terminate benefits previously awarded plain-

tiff. *Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir.1982); *Iida v. Heckler,* 705 F.2d 363 (9th Cir.1983).

### B. *Use of Medical-Vocational Guidelines*

■ Having concluded that plaintiff's hypertension was controllable with medication, that his back condition was not disabling, and that he did not suffer crippling pain, the ALJ relied on the medical-vocational guidelines set forth in 20 C.F.R. pt. 404 subpt. P, in deciding that plaintiff could engage in gainful work in the national economy even though he could not return to his former job as a butcher. Plaintiff contends that the application of these guidelines was improper because the Secretary "presented no evidence as to occupations which are feasible for plaintiff." [Brief for plaintiff at 8] This contention is without merit. The Supreme Court recently upheld the use of these guidelines finding that the Social Security Administration need not take testimony by vocational experts in every individual case to decide whether work exists in the national economy which a claimant can perform. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (U.S.1983). The Secretary need not identify specific alternative jobs in every disability hearing. *Id.* at ——, 103 S.Ct. at 1956–57.

For the reasons stated above, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.