**Lavonne HOFFMAN,**
**Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 84-3972.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1986.

Decided April 1, 1986.

James S. Coon, Welch, Bruun & Green, Portland, Or., for plaintiff-appellant.

Richard H. Wetmore, Dept. of Health & Human Services, Patrick E. McBride, Seattle, Wash., for defendant-appellee.

Before SKOPIL, NELSON and BOOCHEVER, Circuit Judges.

NELSON, Circuit Judge:

Lavonne Hoffman appeals the district court's judgment affirming the denial by the Secretary of Health and Human Services ("the Secretary") of Supplemental Security Income benefits under Title XVI of the Social Security Act. We have jurisdiction over this appeal under 42 U.S.C. § 405(g) (1982), and we reverse and remand for payment of benefits.

## I. Facts

Hoffman, a 63-year-old woman, suffers from emphysema and degenerative arthritis in the spine. Accordingly, in 1982, she applied for Supplemental Security Income benefits under Title XVI of the Social Security Act. The Administrative Law Judge ("ALJ") found that although Hoffman was unable to perform her past work, she could do light or sedentary work. The ALJ also found that Hoffman "has work skills, such as real estate escrow training which she demonstrated in past work, and which can be applied to meet the requirements of skilled work functions of other work (20 CFR 416.968)." Thus, the ALJ held that the Secretary's medical-vocational guidelines directed "a conclusion that, considering the claimant's residual functional capacity, age, education and work experience, [Hoffman] is not disabled." The Secretary affirmed the ALJ's denial of benefits.

On review, the district court found "no evidence in the record that Hoffman ever worked in the escrow field." Her relevant work experience consisted only of water well drilling, unskilled electrical and plumbing work, and semi-skilled "property management" work for several months collecting rents and paying bills.

The district court, however, affirmed the Secretary's denial of benefits despite the ALJ's erroneous finding. The court found that substantial evidence supported the finding that Hoffman could do sedentary work. Apparently relying on Hoffman's attendance at college between 1976 and 1978 where she studied real estate appraisal and escrow, and reasoning that the ALJ's reference to Hoffman's escrow experience was "superfluous," the district judge concluded that "Hoffman has work skills derived from training which can be applied to meet the requirements of skilled work experience."

## II. Discussion

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (1982). The burden is on the claimant to show that she is disabled. *Id.* at § 423(d)(5) (1982); *Iida v. Heckler,* 705 F.2d 363, 365 (9th Cir.1983). Where, as

here, the claimant establishes her inability to perform her previous work, the burden shifts to the Secretary to show that the claimant can do less demanding substantial gainful work which exists in the national economy. *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir.1985). The Secretary must consider the claimant's age, education and background in determining whether the claimant can do other work. 42 U.S.C. § 423(d)(2)(A) (1982); *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1377 (9th Cir.1979). We review the Secretary's decision to determine whether (1) it is based on proper legal standards, and (2) substantial evidence in the record as a whole supports it. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984).

■ Substantial evidence does not support the Secretary's decision in this case, even as modified by the district court. In basing the denial of Hoffman's claim on the Secretary's medical-vocational guidelines, the ALJ had to find that Hoffman's education provided for direct entry into skilled work. 20 C.F.R. Section 404, Subpart P, Table No. 1 of Appendix 2, Rule 201.05 (1985).[1] Indeed, for those claimants, such as Hoffman, who have no relevant past work or who can no longer perform vocationally relevant past work and have no transferable skills, "[t]he adversity of functional restrictions to sedentary work at advanced age (55 and over) ... warrants a finding of disabled in the absence of the *rare situation where the individual has recently completed education which provides a basis for direct entry into skilled sedentary work.*" 20 C.F.R. Section 404, Subpart P, Appendix 2, § 201.00(d) (1985) (emphasis added). Other than high school, Hoffman's education consisted only of two years in a community college real estate

and escrow program from 1976 until graduation in 1978, *four years before she applied for disability benefits.* Nothing in the record indicates (1) the specific nature of this program, (2) whether escrow-related jobs are normally obtainable by persons with this training, or (3) whether Hoffman's education was recent enough to retain any value it might have had. The ALJ never asked the vocational expert who testified at the hearing whether Hoffman's training would be sufficient to provide for direct entry into the escrow field.[2] Furthermore, the vocational expert testified that Hoffman's previous jobs did not provide her with any skills transferable to an escrow job. Thus, the only evidence in the record regarding Hoffman's education was the bare fact of her college training, the exact nature of which was unknown, between four and six years prior to the disability hearing. This evidence is insufficient to support the inference that Hoffman "has recently completed education which provides for direct entry into skilled sedentary work." Accordingly, the Secretary has failed to meet her burden.

■ Where, as here, the record has been thoroughly developed, it is within our discretion to award benefits without remanding the case for additional evidence. *See Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.1985); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). In the present case, the medical-vocational guidelines direct the conclusion that Hoffman is disabled. 20 C.F.R. Section 404, Subpart P, Table No. 1 of Appendix 2, Rules 201.-04, .06 (1985). Accordingly, we reverse the judgment of the district court and remand with directions to enter judgment in favor of Hoffman.

REVERSED and REMANDED.

---

1. The ALJ applied Rule 202.05 of Table No. 2 in denying Hoffman's claim. This table applies only to those claimants who can perform light work. Neither party argues that Hoffman can perform light work. Therefore, we refer only to Table No. 1, which applies to claimants who can perform sedentary work.

2. Primarily, the vocational expert's testimony concerned whether Hoffman was physically capable of performing an escrow job. He testified that Hoffman could do the typing necessary for such jobs. He also testified that Hoffman's pain in lifting and reaching would be an impediment because of the filing system involved in an escrow job. Finally, he testified that although he had not surveyed the market, he estimated that there were fewer than 100 escrow jobs in Oregon.