**David A. GAMBLE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Defendant.**

**Civ. No. 93–993–RE.**

United States District Court,
D. Oregon.

Jan. 28, 1994.

James S. Coon, Royce, Swanson, Thomas & Coon, Portland, OR, for plaintiff.

Jack C. Wong, U.S. Atty., D.Or., Craig J. Casey, Asst. U.S. Atty., Portland, OR, and Richard H. Wetmore, Sp. Asst. U.S. Atty., Seattle, WA, for the Government.

## OPINION

REDDEN, Chief Judge:

Pursuant to 42 U.S.C. § 405(g) of the Social Security Act as amended (the Act), plaintiff has petitioned for judicial review of the Secretary's final decision to deny plaintiff's claims for Disability Insurance and Supplemental Security Income benefits. For the reasons provided below, this court concludes that there is substantial evidence supporting the Secretary's decision, and that decision is affirmed.

*Procedural History of the Case*

Plaintiff filed for Supplemental Security Income and Disability Insurance benefits in May 1991. These applications were denied initially and on reconsideration. Plaintiff filed a request for a hearing, which was conducted on 27 April 1992. On 19 March 1993 the Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled and not entitled to benefits. The Appeals Council denied plaintiff's request for review, rendering the decision final for administrative purposes. Plaintiff now seeks judicial review of that decision.

*Standards*

To qualify for benefits, a plaintiff must establish that a medically determinable physical or mental impairment prevents him or her from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least 12 months. Additionally, the impairment must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. *Cotton v. Bowen,* 799 F.2d 1403, 1405 (9th Cir.1986).

The question presented is whether the final decision of the Secretary that plaintiff is not disabled is supported by substantial evidence. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir.1986). This court will set aside a denial of benefits only if the Secretary's findings are not supported by substantial evidence or are based upon legal error. *Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir. 1984).

Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Johnson v. Harris,* 625 F.2d 311, 312 (9th Cir.1980). The court weighs all the evidence—"both the evidence that supports and detracts from the Secretary's conclusions." *Martinez v. Heckler,* 807 F.2d 771, 772 (9th Cir.1986).

The court also examines whether the proper legal standards were applied in weighing the evidence. *Benitez v. Califano,* 573 F.2d 653, 655 (9th Cir.1978). Findings supported by substantial evidence are set aside if weighed under improper standards. *Flake v. Gardner,* 399 F.2d 532, 540 (9th Cir.1968).

*Facts*

As a child, plaintiff suffered injuries to both legs in an accident involving farm machinery. Subsequently, plaintiff's right leg was amputated below the knee in July 1988. Tr. 129. Plaintiff received disability benefits for a period running from July 1986 until January 1990. Tr. 161–65.

Plaintiff's prosthesis was modified in October 1989 (Tr. 280), and in November 1989 an examining doctor noted that plaintiff's stump was suffering a "breakdown." Tr. 278. Plaintiff continued to experience difficulty, and in May 1991, Dr. Kayser examined him and determined that a new prothesis was needed. Plaintiff was attempting to acquire one. Tr. 283.

In October 1991 a letter from William L. Bartels Orthopedic Appliances, Inc., stated that plaintiff's prothesis did not fit and could not be adjusted. An estimated cost of $3477.80 for a new prothesis was given. Tr. 285.

Dr. Bowers examined plaintiff in November 1991 and concluded that plaintiff was limited to walking with crutches. Tr. 288. In February 1992, the same conclusion was reached, and because plaintiff could not afford or otherwise acquire a new prothesis, the treating physician stated, "there is little more we can do." Tr. 296–97.

At his hearing, plaintiff testified that he left his job in January 1990 because he did not get along with his supervisor. Tr. 38–39. Plaintiff worked as a laborer in November 1990, when he fell off a ladder. Tr. 37–38. He has also run errands in exchange for a room. Tr. 42. Plaintiff testified that he could sit for two hours, walk for one-half block with his prothesis and two blocks with his crutches, and lift up to 25 pounds. Tr. 62. Plaintiff testified he suffered severe pain and consumed beer for relief (Tr. 56) and that after he wears the prothesis, swelling prevents using it again for two weeks. Tr. 55.

A vocational expert testified that plaintiff could not return to his previous employment, and if plaintiff's accounts of pain suffered were accurate, no job would be available. Tr. 65–69. The expert identified two sedentary jobs a person of plaintiff's age, education and experience could perform in a controlled environment. Tr. 67–68.

The ALJ found that plaintiff's condition did not meet the criteria required for benefits, and that while plaintiff could not perform his previous work, he could be employed at other jobs in the national economy. Plaintiff was found not disabled under the provisions of the Act. Tr. 11–19.

*Discussion*

■ There is no dispute as to the facts regarding the case. Plaintiff asserts that the Secretary erred as a matter of law in concluding that plaintiff did not meet or equal the regulatory listings of impairments. The parties agree that the applicable listing at issue is 20 C.F.R. Part 404 Subpart P, Appendix 1, § 1.10.C.3, which describes the

[i]nability to use a prothesis effectively, without obligatory assistive devices, due to one of the following:

\* \* \* \* \* \*

(3) Stump too short or stump complications persistent, or are expected to persist, for at least 12 months from onset. . . .

The ALJ concluded that "[t]he medical record indicates that a change of the prothesis would result in an excellent fit and in the elimination of the problem." Tr. 14. The ALJ's reasoning, therefore, is that plaintiff is unable to use his prothesis because of the reactions brought about by using an ill-fitting prothesis, *not* because of persistent stump complications.

Plaintiff urges this court to interpret the listing as being met any time a plaintiff possesses an ill-fitting prothesis, the use of which causes complications, and the plaintiff cannot afford to modify it. Plaintiff contends that the "plain meaning" of "inability to use a prothesis" refers to whether a person is able to use a prothesis he or she owns at the time, not whether a person is able to use *any* prothesis.

Alternatively, plaintiff argues that his qualification under the listing is established under "medical equivalence" pursuant to 20 C.F.R. § 404.1526(a). Claimants may be qualified on the basis of findings which are at least equal in severity and duration to the listed findings. Because stump complications have made it impossible to use the only prothesis he has, and because he cannot acquire another prothesis, plaintiff claims his condition is equivalent to the listing above.

Finally, plaintiff construes the denial of his application to be based upon the perceived failure of plaintiff to follow prescribed treatment. Plaintiff infers that because he had not acquired a properly fitted prothesis, he was disqualified for failing to follow medical treatment, as required under 20 C.F.R. § 404.1530. Plaintiff then argues this disqualification was improper, because his failure to follow the treatment should be accepted as justifiable. *See* Social Security Ruling 82–59, West's Social Security Reporting Service, Rulings, 1975–82 at 793 (claimant justi-

fied if he or she is unable to afford the prescribed treatment which he is willing to accept, and free community resources are unavailable).

Plaintiff misconstrues the ALJ's ruling and its reasoning. The ALJ concluded that, based upon review of the medical record, plaintiff did not meet the applicable listing 20 C.F.R. Part 404 Subpart P, Appendix 1, § 1.10.C.3, because he does not suffer from a condition that precludes the effective use of a prothesis. Evidence regarding the effect of using an improperly fitted prothesis is insufficient to show a qualifying condition precluding use of a prothesis.

■ Nor does such evidence provide grounds for concluding plaintiff has a condition that is *equivalent* to the listing. Rather than establishing that plaintiff is disabled, such evidence instead indicates just what the uncontroverted opinions of the doctors in the Record suggest: that plaintiff needs a better fitting prothesis. The poignancy of that need is not diminished by the nevertheless correct conclusion that such a need fails to qualify plaintiff as disabled for the purposes of receiving disability benefits.

Accordingly, the Secretary's decision to deny plaintiff's claim is founded upon plaintiff's failure to qualify under a required listing. Plaintiff's final assertion that the ALJ "disqualified" him for failing to acquire a new prothesis is, therefore, without merit.

*Conclusion*

The Secretary properly found that plaintiff's condition did not meet or equal an applicable listing. The ALJ's decision was based upon substantial evidence and contains sufficient findings and analysis. Plaintiff does not dispute the remainder of the ALJ's ruling, deeming the ALJ's findings that plaintiff could not return to previous employment but could find other work as irrelevant for the purposes of this appeal. The court, however, has reviewed the remainder of the ALJ's findings. The conclusions are supported by substantial evidence.

The Secretary's decision is affirmed.