**Samuel B. TINGLE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. J84–0635(B).

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 27, 1986.

Alice Dale Goodsell, Jackson, Miss., for plaintiff.

George Phillips, U.S. Atty., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant.

ORDER

BARBOUR, District Judge.

This matter is before the Court on the Report and Recommendation of the United States Magistrate to affirm the final decision of the Secretary of Health and Human Services denying Plaintiff's claim for disability benefits under the Social Security Act. Plaintiff has filed an objection to the Report and Recommendation, alleging that the Dictionary of Occupational Titles was incorrectly used in this matter to describe the exertional capacities required for Plaintiff's past relevant work.

Plaintiff filed his application for disability benefits on July 25, 1983, alleging disability due to pulmonary disease. The Administrative Law Judge, after hearing, found that the Plaintiff was unable to pursue his past relevant work, that he had the residual functional capacity to perform a wide range of sedentary work, but that he did not have any acquired work skills which would be transferrable to other work and that he was therefore disabled under the relevant provisions of the Social Security Act. The Appeals Council reviewed this decision on its own motion and concluded that Plaintiff was not disabled. This conclusion was based upon a finding that Plaintiff's past work as manager of a Western Union Telegraph office was sedentary in nature and involved only light work and that Plaintiff's impairment thus did not prevent performance of his past relevant work. Because the Appeals Council found that Plaintiff could perform his past relevant work, it did not reach the question of whether or not Plaintiff could perform other types of gainful employment. The ALJ found that Plaintiff does not have any acquired work skills which are transferable to other work and that considering his residual functional capacity, age, education and work experience, Plaintiff was "disabled" under the applicable regulations.

As noted by the magistrate in his report and recommendation, the parties agree that Plaintiff has a severe impairment, but can perform sedentary work. The contested issue is whether Plaintiff's past relevant work is sedentary in nature and therefore within his residual functional capacity to engage in sedentary occupations. The record shows that Plaintiff was employed as manager of a Western Union telegraph office with supervisory responsibility for approximately 150 agents throughout the State of Mississippi and that he was required to travel extensively by automobile. The Appeals Council classified Plaintiff's occupation as that of manager of a telegraph office. It also found that this occupation is described as sedentary in nature in the Dictionary of Occupational Titles (Dictionary). While Plaintiff does not dispute the description of the occupation, he alleges that his job is not classified and that the description is inapplicable.

As noted in *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir.1983), the Secretary may rely upon the general job categories of the *Dictionary* as presumptively applicable to a claimant's prior work, but a claimant may overcome the presumption by demonstrating that his duties were not those envisioned by the framers of the Secretary's category. While the magistrate viewed the issue as whether or not the occupation of manager of a telegraph office is sedentary in nature, the real issue is whether Plaintiff's occupation was correctly classified as that of "manager of telegraph office" in the first instance.

The record before this Court does not contain any information concerning the basis for the determination that Plaintiff's former work fit within the occupational category of "manager of a telegraph office." There is ample evidence in the record to show that Plaintiff worked as both a field supervisor and manager of a local telegraph office. In his supervisory capacity, Plaintiff was required to travel 1500 to 2000 miles per month and frequently worked overtime. There is a question of fact as to whether the category "manager of a telegraph office" was framed to include these duties. As noted in *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985), every occupation consists of numerous tasks, each involving different levels of physical exertion, and it is contrary to the letter and the spirit of the Social Security Act to classify an applicant's "past relevant work" according to the least demanding function of his past occupation. If Plaintiff's former occupation was incorrectly categorized, then the description applicable to that category is irrelevant to the determination of the exertional capacities required in Plaintiff's former occupation.

This matter is therefore remanded to the Secretary for determination as to whether Plaintiff's former work was correctly categorized as that of "manager of a telegraph office." If it is found that Plaintiff's work included duties not included in the description of this category, then the Secretary should further determine whether Plaintiff's former work was in fact sedentary in nature and thus within his residual functional capacity.