Santos **VILLA**, Plaintiff-Appellant,

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 85–6229.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1986.

Decided Aug. 19, 1986.

---

Walter R. Larsen, Santa Barbara, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Atty., Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before WALLACE, HUG, and NORRIS, Circuit Judges.

WALLACE, Circuit Judge:

Villa appeals from a judgment of the district court affirming the decision of the Secretary of Health and Human Services (the Secretary), which denied Villa's applications for disability insurance benefits and supplemental security income benefits (disability benefits). He contends that the Secretary's selection of a disability onset date is not supported by substantial evidence and that the Secretary erred in classifying his prior work as medium work. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

## I

Villa was employed as a cook in a labor camp for approximately 22 years. He has no formal education, speaks only Spanish, and is illiterate in both English and Spanish. Villa filed applications for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c (the Act), alleging that he became disabled on February 10, 1979, as a result of back, neck, and shoulder injuries, hypertension, and emotional disorders. The Social Security Administration denied the applications, and Villa appealed to the Office of Hearings and Appeals (Appeals Office). An administrative law judge (ALJ) of the Appeals Office reexamined Villa's applications for benefits and found that he was not disabled within the meaning of the Act, and therefore was not entitled to disability benefits. The ALJ's recommended decision was reviewed and approved by the Appeals Council as the final decision of the Secretary.

Villa brought an action in district court pursuant to sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g), 1383(c)(3), to obtain judicial review of the Secretary's decision. The district court held that the

Secretary's finding that Villa did not have a substantial impairment was not supported by substantial evidence, and remanded the case to the Secretary for further administrative proceedings.

A different ALJ of the Appeals Office held another hearing at which Villa introduced numerous medical documents to support his disability claim. The ALJ reviewed the documentary medical evidence, listened to testimony by Villa and the other witnesses, performed the proper sequential disability analysis, *see* 20 C.F.R. §§ 404.-1520(a), 416.920(a) (1986), and issued a recommended decision holding that Villa became disabled within the meaning of the Act on February 10, 1979, and was entitled to disability benefits for a period commencing on that date.

Acting for the Secretary, the Appeals Council reviewed the evidence upon which the ALJ based his recommended decision and found that Villa "had the residual functional capacity to perform medium work," and that the exertional demands of Villa's "past relevant work as a cook in a farm labor camp, as customarily performed in the economy, [was] medium." The Appeals Council therefore rejected Villa's alleged exertional limitations as a basis for disability benefits. The Appeals Council also found that Villa's emotional problems did not become disabling until May 31, 1982. Thus, the Appeals Council found that Villa was entitled to disability benefits for a period of disability commencing on May 31, 1982, rather than on February 10, 1979, as recommended by the ALJ. This finding became the final decision of the Secretary. Pursuant to a stipulation between Villa and the Secretary, the district court ordered a reopening so that Villa might "proceed with his civil action to the extent that [the Secretary had] denied him benefits for the period for September 10, 1979 to May 31, 1982."

## II

Villa contends that there is no substantial evidence to support the Secretary's decision that his emotional problems did not become disabling until May 31, 1982, and that the Secretary erred in concluding that Villa's work as a cook at a labor camp constituted medium work as defined in 20 C.F.R. § 404.1567(c) (1986).

We must affirm the Secretary's decision if it is based on proper legal standards and is supported by substantial evidence in the record. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir.1986) (*Hoffman*). Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *see Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir.1986) (*Howard*).

An individual is disabled within the meaning of the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

> [A]n individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The claimant's alleged physical or mental impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3),

1382c(a)(3)(C). The burden is on the claimant to prove that he is disabled. *See* 42 U.S.C. § 423(d)(5); *Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Hoffman*, 785 F.2d at 1424. Once the claimant establishes the inability to perform his "previous work," the burden shifts to the Secretary to demonstrate that the claimant is capable of performing substantial gainful work. *See Hoffman*, 785 F.2d at 1424–25; *Howard*, 782 F.2d at 1486.

### A.

■ We first consider whether there was substantial evidence to support the Secretary's determination that Villa's emotional problems did not constitute a disability until May 31, 1982. Villa does not contest the Secretary's finding of disability. He argues only that the Secretary's selection of the onset date was not supported by substantial evidence. "While the [Secretary] could have chosen an earlier onset date ..., the question we face is whether the chosen onset date is supported by substantial evidence, not whether an earlier date could have been supported." *Swanson v. Secretary of Health and Human Services*, 763 F.2d 1061, 1065 (9th Cir.1985).

The administrative record contains four separate psychiatric and psychological evaluations of Villa's emotional condition. A September 3, 1980, psychological evaluation indicated that Villa suffered primarily from depression. The evaluation, however, did not suggest that his emotional problems were so severe that Villa was incapable of working as a cook at a labor camp or in some other kind of substantial gainful work. A November 11, 1980, psychiatric report indicated that Villa was in a state of high anxiety and moderate to severe depression caused by constant physical pain and lack of employment. The report characterized Villa's emotional problems as "temporary-partial disability" that could be lessened or eradicated with psychotherapy. The report also did not suggest that Villa's emotional disorders were of such severity that he was unable to do his previous work or to engage in any other kind of substantial gainful work.

The Appeals Council concluded that both the September 3, 1980, psychological evaluation and the November 11, 1980, psychiatric report were "too vague to be of assistance in determining [Villa's] emotional condition" as of the fall of 1980 and that they failed to demonstrate that Villa's "emotional difficulties significantly affected his ability to perform medium work."

He was seen by a psychologist and a psychiatrist in May 1983. Their reports indicated that at that time Villa experienced difficulty sleeping, a loss of appetite, a substantial loss of weight within the last year, sexual dysfunction, feelings of guilt and worthlessness, thoughts of suicide, inability to control emotions, withdrawal from social situations, and loss of interest in almost all activities. The psychological evaluation stated that "Villa's cognitive deficits and his current emotional distress would interfere with his ability to perform work-related activities." The psychiatric examination revealed that due to his depressed state, Villa was "incapable of relating effectively with other people in any sort of work setting, and [that] he [was] not a candidate for vocational rehabilitation at [that] time."

Based on the May 1983 psychological evaluation and psychiatric examination, the Appeals Council concluded that Villa's emotional impairments constituted a disability as defined in 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04 (1986). The Appeals Council set the onset date of the disability as May 31, 1982, the month in which Villa first suffered a severe weight loss. Reviewing the record as a whole, we find that the Secretary's selection of May 31, 1982, as the onset date of Villa's disability is supported by substantial evidence.

### B.

■ Although Villa qualified for disability payments in May 1982, due to his emotional problems, he also contends that his physical disability qualified him for payments prior to that date. To determine

whether a claimant has the residual capacity to perform his past relevant work, the Secretary must ascertain the demands of the claimant's former work and then compare the demands with his present capacity. *See* 20 C.F.R. § 404.1520(e) (1986); *Valencia v. Heckler,* 751 F.2d 1082, 1086–87 (9th Cir.1985); *Strittmatter v. Schweiker,* 729 F.2d 507, 509 (7th Cir.1984). The claimant has the burden of proving an inability to return to his former *type* of work and not just to his former job. *See Gray v. Heckler,* 760 F.2d 369, 372 (1st Cir.1985) (per curiam) (*Gray*); *De Loatche v. Heckler,* 715 F.2d 148, 151 (4th Cir.1983) (*De Loatche*); *Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981).

Villa contends that the Secretary erred in concluding that his work as a cook at a labor camp was medium work rather than heavy work. Medium work is defined in the Secretary's regulations as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c) (1986). Heavy work is defined as work that "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." *Id.* § 404.1567(d).

■ The Appeals Council relied on the *Dictionary of Occupational Titles* § 315.-361–010 (*Dictionary*), which described "cook, any industry," and the *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* (*Selected Characteristics*) which characterized the job description as requiring medium exertional demands, to conclude that Villa's work as a cook at a labor camp was medium work. The Secretary may rely on the general job categories of the *Dictionary,* with its supplementary *Selected Characteristics,* as presumptively applicable to a claimant's prior work. *See* 20 C.F.R. § 404.1566(d)(1) (1986); *Gray,* 760 F.2d at 372; *De Loatche,* 715 F.2d at 151. The claimant, however, may overcome the presumption that the *Dictionary*'s entry for a given job title applies to him by demonstrating that the duties in his partic-

ular line of work were not those envisaged by the drafters of the category. *De Loatche,* 715 F.2d at 151. Similarly, a claimant is not foreclosed from undertaking the burdensome task of demonstrating that the *Selected Characteristics* inaccurately evaluates the exertional demands of a job title that does apply.

Villa introduced medical reports indicating that he sustained injuries during the course of his prior work from lifting a 60 pound pot of rice and a 100 pound sack of beans. He contends that the medical reports rebut the presumption that the *Dictionary* and the *Selected Characteristics* properly designated his line of work as a cook at a labor camp as medium work.

The first question in analyzing Villa's argument is whether the Secretary correctly classified his occupation as that of "cook, any industry," as that position is defined in the *Dictionary. See Gray,* 760 F.2d at 372; *Tingle v. Heckler,* 627 F.Supp. 544, 545 (S.D.Miss.1986) (*Tingle*). If the Secretary incorrectly categorized Villa's occupation under the job title "cook, any industry," then "the description applicable to that category is irrelevant to the determination of the exertional capacities required in [his] former occupation." *Tingle,* 627 F.Supp. at 545.

■ The record does not indicate whether the Appeals Council rejected Villa's allegations that his specific job had required him to lift or carry large pots and sacks of food that weighed over 50 pounds, or whether it concluded that such activities would not distinguish Villa's prior job from the occupation described under the heading "cook, any industry." The record thus does not contain any finding by the Appeals Council that Villa failed to demonstrate that the duties of his prior job were sufficiently distinct from the duties of a "cook, any industry" as described in the *Dictionary* to constitute a different line of work. Because reliance on the *Dictionary* definition would be inappropriate if Villa demonstrated that the occupation of camp cook is distinct from the occupation of "cook, any industry," the Appeals Council

decision contains a "gap in its reasoning" that must be filled on remand. *See Smith v. Heckler,* 782 F.2d 1176, 1181 (4th Cir. 1986).

The second question in analyzing Villa's argument is whether, assuming the *Dictionary's* job title description properly encompasses Villa's line of work, Villa has demonstrated that the exertional demand requirements of that occupation are incorrectly evaluated in the *Selected Characteristics.* To succeed, Villa must demonstrate that the occupation described under the listing "cook, any industry" requires heavy work—which Villa claims he is unable to do. *See id.* at 1182. The Secretary may consider whether jobs exist within the occupation of "cook, any industry" that do not require heavy lifting. *See id.*

Because on the present record we are unable to determine the basis of the Appeals Council's determination that Villa's past relevant work was medium work, we reverse the district court's judgment, and remand with instructions to remand to the Secretary for further consideration of this issue in Villa's physical disability claim.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.