956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arutyun TER-PAPYAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-55289.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1991.
Decided Feb. 24, 1992.
 
 Before HUG, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arutyun Ter-Papyan appeals the district court's judgment affirming the decision of the Secretary of Health and Human Services ("Secretary") to deny his application for Supplemental Security Income benefits under Title XVI of the Social Security Act, as amended. We vacate and remand.
 
 I. Evidence of Physical Impairment
 
 3
 Ter-Papyan first contends that substantial evidence does not support the Secretary's determination that he was not physically disabled. Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991) (en banc), decided the precise question we are faced with in this case; namely, the standard the ALJ must follow in evaluating subjective complaints of pain in Social Security disability benefit cases. The en banc court concluded the standard enunciated in Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986), was the proper interpretation of the relevant law. Bunnell, 947 F.2d at 348.
 
 
 4
 The Cotton standard requires the claimant to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain. Cotton, 799 F.2d at 1407. Once produced, there is no requirement that the medical findings support the severity of pain alleged. Id. Consequently, the ALJ may not discredit the claimant's allegations of the severity of pain solely because they are unsupported by objective medical evidence. Id. If the ALJ determines that the claimant's allegations of severity are not credible, he must make specific findings that support that conclusion. Id. The findings must be properly supported by the record and sufficiently specific to allow a reviewing court to conclude the ALJ did not "arbitrarily discredit a claimant's testimony regarding pain." Bunnell, 947 F.2d at 345-46 (citation and internal quotations omitted).
 
 
 5
 A CT scan made in 1985 at the Hubert Humphrey Medical Center disclosed Ter-Papyan had a bulging disc at L4-L5. Additionally, a June 1986 CT scan revealed mild degenerative changes at the level of C5-C6. An examination by Dr. G.M. Greenspahn in February 1986 revealed that Ter-Papyan had a full range of motion in the neck and lower back despite slight to moderate low back muscle spasm. Although there were no significant congenital anomalies or arthritic changes, there was some atrophism of the lumbosacral facets. Dr. Greenspahn concluded that Ter-Papyan was restricted from heavy physical labor involving much bending and lifting. The report submitted from Dr. Elayne Garber reported an essentially normal physical examination finding only a slight decrease in motion of the back and a decrease in the sensation in several fingers on the right hand and toes on the left foot.
 
 
 6
 At the hearing, Ter-Papyan testified that he suffered from severe pain in his lower back and legs if he attempts to walk even a short distance. Ter-Papyan testified that he cannot stand or walk without the onset of pain and that he can sit for only one hour before his symptoms return. He also testified that he suffers from pain in his arms and hands, as well as his feet and ankles, and experiences alternating numbness in these extremities. In relation to his past relevant experience, Ter-Papyan testified that his work as a stove attendant in a sausage factory required him to lift weights of up to 50 pounds with a maximum of 100 pounds.
 
 
 7
 Also, Ter-Papyan contends that his treating physician designated his condition as permanently disabled, and that other physicians have diagnosed a multitude of physical maladies that confirm his subjective complaints of pain. Ter-Papyan's treating physician's medical diagnosis indicated a bulging lumbar disk with pain controlled by medication. In his opinion, the condition did not warrant surgery.
 
 
 8
 There was some objective medical evidence that minimally supported Ter-Papyan's complaints of pain in his back. The ALJ found Ter-Papyan's complaints of severe disabling pain to be not credible "in light of the objective medical evidence and my observations." The ALJ made no other specific findings supporting this adverse credibility determination. Under the standard set forth by this Circuit in Cotton and, recently ratified by an en banc court in Bunnell, the ALJ's adverse credibility finding must be vacated and remanded.
 
 II. Evidence of Mental Impairment
 
 9
 Ter-Papyan also contends that substantial evidence does not support the Secretary's determination that he was not disabled as a result of mental impairment. We disagree. The reports of the psychiatrists and psychologists who examined Ter-Papyan are contradictory. The resolution of conflicts in the medical evidence are functions solely of the Secretary. Magallanes v. Bownen, 881 F.2d 747, 751 (9th Cir.1989). The Secretary relied on the reports of Dr. John Woodward and Dr. Samuel Miles. In light of the fact that there are inconsistencies in Ter-Papyan's statements concerning his past psychiatric treatment, we find that substantial evidence supports the Secretary's decision.
 
 III. Combination of Impairments
 
 10
 Ter-Papyan next contends that the Secretary erred by not considering his physical and mental impairments in combination. We reject this contention. The Secretary specifically stated that he had considered Ter-Papyan's impairments both singly and in combination.
 
 IV. Past Relevant Experience
 
 11
 Finally, Ter-Papyan contends that the Secretary failed to explicate the basis for his finding that the plaintiff is capable of doing his past relevant work. We agree. We find that the record is not sufficiently developed to substantiate the Secretary's finding that Ter-Papyan's past relevant work as a stove attendant in a sausage factory did not require the performance of the work-related activities precluded by his residual functional capacity.
 
 
 12
 In order to determine whether a claimant has the residual capacity to perform his past relevant work, the Secretary must ascertain the demands of the claimant's former work and then compare the demands with his present capacity. Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986). The claimant has the burden of proving an inability to return to his former type of work and not just to his former job. Id.
 
 
 13
 Ter-Papyan testified that before coming to this country, his work as a stove attendant at a sausage factory involved lifting weights of up to 50 pounds with a maximum of 100 pounds. Under the regulations, heavy work is defined as work that "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 416.967(d) (1990). In contrast, medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." Id. § 416.967(c). Based upon Ter-Papyan's testimony, the ALJ concluded at the first hearing that Ter-Papyan's past relevant work was of a heavy nature.
 
 
 14
 At the second hearing, however, the ALJ relied upon the vocational expert's description of Ter-Papyan's past relevant work as being of a medium nature. The vocational expert testified that Ter-Papyan's former position is defined as a "rendering equipment tender" according to the Dictionary of Occupational Titles ("DOT"), which characterizes the job description as requiring medium exertional demands. The Secretary may rely on the general job categories of the DOT as presumptively applicable to a claimant's prior work. See Villa, 797 F.2d at 798. The ALJ accepted the vocational expert's characterization of Ter-Papyan's past relevant work, and found "[t]hat work does not involve lifting of up to 100 pounds at a time."
 
 
 15
 The record does not indicate whether the ALJ rejected Ter-Papyan's allegations that his specific job had required him to frequently lift weights of up to 50 pounds with a maximum of 100 pounds. Nevertheless, the ALJ found that Ter-Papyan's past relevant work does not involve lifting of up to 100 pounds at a time. We are unable on the present record to determine the basis of the ALJ's determination that Ter-Papyan's past relevant work was medium work that did not involve lifting of up to 100 pounds. Accordingly, the ALJ's decision contains a "gap in its reasoning" that must be filled on remand. See id. at 798-99 (internal quotations and citation omitted).
 
 
 16
 We remand to the district court for remand to the Secretary for a determination of the claimant's disability consistent with this memorandum.
 
 
 17
 VACATED AND REMANDED.
 
 
 
 *
 The parties stipulated to a determination of their case by Magistrate Judge Reichmann pursuant to 28 U.S.C. § 636(c)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3