116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jewel CULVER, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 96-16613.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997***
June 23, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-94-01813-CAM; C.A. Muecke, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jewel Culver appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration ("the Commissioner") in Culver's action seeking disability benefits pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review district court decisions granting summary judgment de novo. See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). "The [Commissioner's] denial of disability benefits will be overturned only if it is not supported by substantial evidence, or if it is based on legal error." Id.
 
 
 4
 Culver contends that the Administrative Law Judge ("ALJ") erred by failing to make the required findings as to Culver's physical and mental residual functional capacity in relation to the demands of her past relevant work. This contention lacks merit.
 
 
 5
 A claimant bears the burden of establishing disability by showing she is unable to perform her previous work because of a physical or mental impairment. See Villa v. Heckler, 797 F.2d 794, 796-97 (9th Cir.1986). She must prove an inability to return to her former type of work, not just to her former job. See id. at 798
 
 
 6
 To determine whether the claimant has the residual capacity to return to her past relevant work, the ALJ "must ascertain the demands of the claimant's former work and then compare the demands with [her] present capacity." See id. at 797-98; see also 20 C.F.R. § 404.1520(e) (1997) (stating that impairment must prevent claimant from doing past work).
 
 A. Physical Impairment
 
 7
 Here, the ALJ determined that Culver suffered from severe cervical disease, but had the residual functional capacity for light or sedentary work. The ALJ found that Culver's past work as a secretary, office and apartment manager, waitress, and photomatic clerk were all characterized as light or sedentary work and that she was, therefore, capable of performing these jobs.
 
 
 8
 The ALJ's findings are supported by substantial evidence. See Villa, 797 F.2d at 797; see also 20 C.F.R. § 404.1567(a) & (b) (1997) (defining sedentary and light work). The ALJ based his findings of residual capacity on the opinion of the examining orthopedic surgeon that Culver could lift twenty pounds occasionally, ten pounds frequently, and stand or walk six hours a day. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985) (finding examining physician's opinion constituted substantial evidence to support ALJ's determination); see also 20 C.F.R. § 404.1567(a) & (b). Moreover, the ALJ relied on a treating physician's opinion that Culver had no medical impairment entitling her to disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (noting that opinion of no disability by treating physician entitled to substantial weight). Although Culver's other treating physician suggested that she avoid lifting, he nevertheless found that Culver could sit, stand and move without any limitation. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989) (noting that ALJ is responsible for resolving ambiguities and decision will be upheld where evidence susceptible to more than one rational interpretation).
 
 
 9
 Thus, the ALJ's conclusion that Culver's physical residual functional capacity did not preclude her from performing her past work is supported by substantial evidence and is not based on legal error. See Johnson, 60 F.3d at 1432.; see also 20 C.F.R. § 404.1520(e).
 
 B. Mental Impairment
 
 10
 The ALJ found that although Culver suffers from dysthymia (depression), this impairment does not prevent her from performing her past relevant work. The ALJ properly relied on the uncontroverted examining psychiatrist's assessment that Culver had a satisfactory ability to make occupational adjustments and to understand and carry out simple job instructions to find that Culver could perform her past work as a secretary, waitress, office manager or store clerk. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (stating that uncontroverted opinion of examining physician may be rejected only for clear and convincing reasons); see also 20 C.F.R. § 404.1520(e). Because Culver presented no evidence that her former type of work required more than following simple instructions, Culver failed to carry her burden of showing she was unable to perform her past relevant work. See Villa, 797 F.2d at 798; see also Tylitzki v. Shalala, 999 F.2d 1411, 1415 (9th Cir.1993) (per curiam) (noting that ultimate burden remains on claimant to show inability to perform previous occupation).
 
 
 11
 Accordingly, the ALJ's determination that Culver's mental impairment does not limit her ability to perform her past work is supported by substantial evidence and is not based on legal error. See Johnson, 60 F.3d at 1432; see also 20 C.F.R. § 404.1520(e).
 
 
 12
 AFFIRMED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, Shirley S. Chater, the Commissioner of Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3