127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert KROEKER, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-15835.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1997.***
Decided Oct. 16, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-94-05988-REC/DLB; Robert E. Coyle, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Kroeker timely appeals from the district court's summary judgment affirming the Commissioner of Social Security's denial of Kroeker's application for disability benefits. Reviewing de novo the district court's order, we hold that the Commissioner applied the proper legal standards and that his decision is supported by substantial evidence. We therefore affirm
 
 I.
 
 3
 The ALJ has a duty to develop the record in a disability benefits case. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991). The ALJ must conduct the administrative hearing in a manner designed to elicit all pertinent information regarding the claimant's disability. See Key v. Heckler, 754 F.2d 1545, 1550-51 (9th Cir.1985). Kroeker contends that the ALJ fell short of his duty to fully and fairly develop the record.
 
 
 4
 The ALJ received testimony from Kroeker, consulted with a vocational expert as to the residual functional capacity of a person of Kroeker's age, education, work experience, and physical limitations, and permitted Kroeker's counsel to question the expert. The ALJ posed a hypothetical question to the expert establishing that Kroeker was closely approaching advanced age, had a high school education and past work experience as a tire changer and fixer, and was capable of light work with limitations on lifting more than ten pounds and repetitive grasping or twisting with his non-dominant left hand. The expert responded with at least three jobs Kroeker was capable of performing and their incidence in the regional and national economy.
 
 
 5
 Kroeker argues that the ALJ's hypothetical question was defective as it failed to include all of Kroeker's claimed impairments, particularly his back and knee problems. However, "exclusion of some of a claimant's subjective complaints in questions to a vocational expert is not improper if the [ALJ] makes specific findings justifying his decision not to believe the claimant's testimony about claimed impairments such as pain." Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988); see also Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989); Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir.1988).
 
 
 6
 In his May 27, 1994 decision, the ALJ offered specific and legitimate reasons for discounting Kroeker's claims of disabling back and knee pain and thus for excluding these impairments from the hypothetical question. Specifically, the ALJ found that the medical conclusions reached by Dr. Wall were based on an examination greater in scope and thoroughness, and better supported by objective evidence, than Dr. Bauman's. The ALJ also identified inconsistencies between Kroeker's testimony and his medical records. Finally, Kroeker's testimony that he had been laid off from his previous job and that he still regularly engaged in activities requiring light exertion further supported the ALJ's determination.
 
 
 7
 This court has recognized conflicting medical evidence, the absence of regular medical treatment, and the paucity of objective medical support for physicians' reports as specific and legitimate reasons for an ALJ to discredit subjective pain testimony. See Flaten v. Secretary of Health and Human Servs., 44 F.3d 1453, 1463-64 (9th Cir.1995); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989). Because the ALJ offered specific and legitimate reasons for disbelieving the extent of Kroeker's claimed impairments, we will not second-guess the ALJ's omission of these impairments from his questions to the vocational expert. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.1997); Sample v. Schweiker, 694 F.2d 639, 643-44 (9th Cir.1982).[1] We thus reject Kroeker's claim that the ALJ failed to fully and fairly develop the record.
 
 II.
 
 8
 We also reject Kroeker's contention that the ALJ improperly relied on the testimony of the vocational expert that Kroeker could perform the work of laundry worker and escort-vehicle driver. The Dictionary of Occupational Titles ("DOT") raises job classification presumptions that are controlling unless rebutted. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995). While Kroeker is correct that the DOT classifies some laundry worker jobs as requiring medium exertion, the particular job that the vocational expert described corresponds with DOT code 302.685-010, "Laundry Worker, Domestic," an unskilled job requiring light exertion. DOT code 919.663-022, "Escort-Vehicle Driver," is also an unskilled position and requires only sedentary exertion.
 
 
 9
 While the DOT further classifies each job as requiring frequent reaching and handling, substantial evidence supports the conclusion that Kroeker's dominant right hand was fully functional. Thus, the expert's testimony that Kroeker could perform the jobs of laundry worker and escort-vehicle driver did not contradict the DOT, and his testimony constituted substantial evidence to support the denial of benefits.
 
 III.
 
 10
 Finally, Kroeker contends that the ALJ improperly relied on the vocational expert's testimony that Kroeker could perform the job of automobile self-service station attendant. The expert's testimony that most of these positions are unskilled contradicted the DOT's classification of the job as semi-skilled. An ALJ may rely on expert testimony that contradicts the DOT "insofar as the record contains persuasive evidence to support the deviation." Johnson, 60 F.3d at 1435. The expert's justification for deviating from the DOT was laconic at best and may not have satisfied the "burdensome task" of justifying a deviation from the DOT. Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986). We need not decide this question, however, as the record contains substantial evidence to support the Commissioner's denial of benefits even if this aspect of the expert's testimony is excluded.
 
 
 11
 The ALJ's determination that Kroeker had a substantial residual functional capacity and the Commissioner's resulting denial of benefits were compelled by Rule 202.13 of the medical-vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. Rule 202.13 provides that a claimant approaching advanced age with a high school education, unskilled work experience, and a maximum sustained work capability limited to light work is "not disabled." Kroeker testified that he is capable of carrying ten pounds with his left hand and considerably more with his right hand, that he has no functional limitations in his right hand, and that he worked for sixteen years as a tire repair person--a medium exertion position--despite the functional limitations of his left hand. As substantial evidence supported the ALJ's finding that Kroeker was capable of performing the full range of light work, the ALJ did not err in applying Rule 202.13 to deem Kroeker "not disabled."[2]
 
 
 12
 The district court's summary judgment in favor of the Commissioner of Social Security is AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner of Social Security, is substituted for Shirley S. Chater, former Commissioner of Social Security, as the defendant
 
 
 **
 * This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Importantly, although the ALJ discounted Kroeker's subjective pain testimony, he did not disregard what objective medical evidence there was concerning Kroeker's back and knee problems. The ALJ found that claimant could not perform medium to heavy lifting and carrying and included a restriction to light work in his hypothetical question to the vocational expert
 
 
 [2]
 Kroeker's argument that he came close to meeting Rules 201.12 and 202.04 of the medical-vocational guidelines and should thus have been declared "disabled" lacks merit. Even if Rule 202.13 did not directly govern this case, the ALJ's determination that Kroeker was capable of performing a "significant" number of jobs in the national economy was supported by substantial evidence. See Barker v. Secretary of Health and Human Servs., 882 F.2d 1474, 1478-79 (9th Cir.1989) (citing approvingly decisions that have found several hundred jobs "significant" for purposes of determining a claimant's residual functional capacity). The expert's testimony itself revealed no inconsistency with the guidelines and thus compelled no further development or clarification of the record. See Swenson v. Sullivan, 876 F.2d 683, 688-89 (9th Cir.1989)