129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rollie JENSEN, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-35270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997***
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the Western District of Washington David E. Wilson, Magistrate Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rollie Jensen appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment affirming the Commissioner's denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We review the decision of the administrative law judge ("ALJ") "to determine whether it was supported by substantial evidence and whether it was based on the proper legal standard." DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir.1991).
 
 
 4
 Jensen contends that the ALJ did not make sufficient findings to support its finding that he could perform his past relevant work as a carpenter. This contention lacks merit.
 
 
 5
 A claimant will not be found disabled if he has sufficient residual functional capability to perform his past relevant work. See 20 C.F.R. § 404.1520(e) (1997). A claimant has the burden of establishing disability by showing that he is unable to perform his past work because of a physical or mental impairment. See Villa v. Heckler, 797 F.2d 794, 796-97 (9th Cir.1986). To assess the claimant's capability to perform past work, the Commissioner "must ascertain the demands of the claimant's former work and then compare the demands with his present capacity." See id. at 797-98.
 
 
 6
 Here, the ALJ determined that Jensen had the residual functional capacity to return to his past relevant work as a carpenter despite suffering from post traumatic stress disorder and substance abuse. The ALJ noted medical evidence showing that Jensen's concentration, judgment, insight, and math skills were adequate. The ALJ noted that Jensen had friends, socialized regularly, kept in contact with his family, and travelled around the country. The ALJ also considered Jensen's past work and noted that he rarely had been fired from a job, that he had been selfemployed as a carpenter, and that such work would be appropriate for Jensen because of the ability to "come and go as he chooses" and because it would involve "minimal contact with others." Jensen has not met his burden of showing his inability to perform his past relevant work. See Villa, 797 F.2d at 796-97. The ALJ's finding that Jensen's impairments do not prevent him from returning to his past relevant work is supported by substantial evidence. See DeLorme, 924 F.2d at 846.
 
 
 7
 Jensen raises several arguments for the first time on appeal. Jensen contends that the Commissioner improperly rejected an examining psychiatrist's opinion that Jensen is "disabled from work" without providing "clear and convincing" or "specific and legitimate" reasons. Jensen also contends that the ALJ erred by not considering the times Jensen quit his job as an episode of deterioration in a work setting and thus rejecting the opinion of the Commissioner's medical expert that Jensen had suffered repeated episodes of deterioration in the past. Jensen further contends that the ALJ erred by finding that it had insufficient evidence to determine the number of past episodes of deterioration. Because these issues were not raised below, we decline to consider them for the first time on appeal. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 John J. Callahan is substituted for Shirley S. Chater, his predecessor, as Acting Commissioner, Social Security Administration, pursuant to Fed R.App. P. 43(c)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3