145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mae BLACKMON, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 97-35679.
D.C. No. CV-96-946-AS.
 United States Court of Appeals, Ninth Circuit.
 Submitted** May 6, 1998.
Decided May 13, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Donald Ashmanskas, District Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mae Blackmon appeals the district court's judgment affirming the ALJ's denial of disability benefits under the Social Security Act, 42 U.S.C. §§ 1381 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. See Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997); Sandgathe v. Chater, 108 F.3d 978, 979 (1996). The decision of the ALJ must be affirmed if it is supported by substantial evidence and the ALJ applied the correct legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. Jamerson at 1066. This court defers to an agency's reasonable interpretation of its statutes and regulations. Id.
 
 II.
 
 4
 Blackmon first contends that the ALJ failed to evaluate properly her mental impairments pursuant to 20 C.F.R. § 416.920a, Evaluation of Mental Impairments. Blackmon argues that the ALJ failed to do a residual functional capacity assessment, which is required when a claimant has a severe impairment that neither meets nor equals the listings of impairments. 20 C.F.R. § 416.920a(c)(3). The regulations also require that "[a] standard document outlining the steps of this procedure must be completed by [the Social Security Administration] in each case at the initial, reconsideration, administrative law judge hearing, and Appeals Council levels." 20 C .F.R. § 416.920a(d).
 
 
 5
 Appellant argues that the "standard document" in the regulation specifically refers to a "Mental Residual Functional Capacity Assessment" form ("MRFA") and that the ALJ improperly appended an "OHA Psychiatric Review Technique Form." ("PRTF"). The regulation entitled "Evaluation of Mental Impairments" explains that the procedure is to "record pertinent findings and rate the degree of functional loss."[1] 20 C.F.R.. § 416.920a(b). However, the ALJ "may complete the document without the assistance of a medical advisor." 20 C.F.R. § 416.920a(d)(1)(i).
 
 
 6
 Although the regulations do not specify which documents comprise the "standard document," they do indicate what the document must contain. 20 C.F.R. § 416.920a(b)(3). As stated above, the "standard document" must outline the steps of the procedure. The procedure requires the SSA "to indicate whether certain medical findings which have been found especially relevant to the ability to work are present or absent." 20 C.F.R. § 416.920a(b)(2). Next, the SSA must rate the degree of functional loss resulting from the impairment. 20 C.F.R. § 416.920a(b)(3). The four areas of function that the SSA considers essential to work include: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) deterioration or decompensation in work or work-like settings. Id. Additionally, the procedures require these areas to be rated using particular criteria, which the PRTF provides. Id.
 
 
 7
 Under the procedure, if the claimant has a severe impairment but the impairment neither meets nor equals the listing, as in this case, then the SSA must do a "residual functional capacity assessment." 20 C.F.R. § 416.920a(c)(3). In the PRTF, the ALJ denoted "RFC Assessment Necessary." Rather than referring the claimant's case to a qualified psychiatrist or psychologist, the ALJ completed the standard document, as allowed by the regulations, without medical assistance. We find that the ALJ did not err by appending only the PRTF, and not a MRFC, to his decision.[2]
 
 
 8
 We agree with the District Court that the ALJ discussed the necessary findings in his decision. Furthermore, the PRTF thoroughly outlined the special procedure. 20 C.F.R. § 416.920a(d). The record lacks any evidence which seriously challenges the ALJ's assessment of Blackmon's residual functional capacity, or the ALJ's conclusion regarding the severity of Blackmon's mental impairment. Finally, we find that Blackmon was not prejudiced by the ALJ's actions because his decision was amply supported by the medical report and the record, i.e., substantial evidence.
 
 III.
 
 9
 Blackmon next argues that the ALJ improperly rejected her subjective complaints and discounted the testimony of witnesses. The ALJ found that
 
 
 10
 The claimant's testimony of pain, other subjective complaints, and functional limitations is neither fully credible nor supported by the clinical findings.
 
 
 11
 Tr. 23.
 
 
 12
 In order to reject pain testimony where the claimant produces evidence of a medical impairment that could cause pain, the ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir.1995) (per curiam). A claimant will not be considered disabled based solely on subjective complaints of pain absent objective medical evidence of an underlying impairment. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). To determine the claimant's credibility, the ALJ must consider the nature of the pain, aggravating factors, pain medication and treatment, functional restrictions, and the claimant's daily activities and make specific findings to support his conclusion. Id. at 345-46.
 
 
 13
 Here, the record reflects that the ALJ considered these factors and made specific findings supported by the record. Accordingly, the ALJ did not improperly discredit Blackmon's subjective pain testimony.
 
 
 14
 Blackmon also asserts that the ALJ rejected Nadine Kelly and Theresa Colbert's testimony. From the record, the ALJ considered the testimony given by these witnesses. It is not apparent that the ALJ rejected or discounted the testimony. The ALJ is not obligated to believe these statements as true, and provided adequately specific findings to support his conclusion. The ALJ did not err in his consideration of the witnesses' testimony.
 
 IV.
 
 15
 Blackmon asserts that the ALJ erred by failing to find her disabled pursuant to Appendix 1 of the disability regulations. 20 C.F.R. § 404, Subpart P, App. 1. Blackmon argues that the ALJ improperly failed to administer an IQ test, and failed to fully and fairly develop a record. "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1988).
 
 
 16
 Blackmon disputes the ALJ's findings regarding her mental impairments. She argues that "[t]he totality of the evidence about appellant's mental capabilities, including her testimony at the ALJ hearing, indicates that the ALJ should have ordered an IQ test to complete the record." Appellant's Brief at 22. Under the regulations, the claimant "must provide medical evidence showing that [he/she] ha[s] an impairment(s) and how severe it is during the time [he/she] say[s] that [he/she is] disabled." 20 C.F.R. § 416.912(c). It is well-established that the claimant bears the burden of providing sufficient evidence of her disability. Villa v.. Heckler, 797 F.2d 794, 797 (9th Cir.1986). The ALJ may request additional medical reports or testing, but there is no requirement to do so if the ALJ does not deem it necessary.
 
 
 17
 The ALJ relied on a report by James R. Adams, Ph.D., who performed a psychological evaluation of Blackmon and did not find that her condition met the mental retardation listing. We conclude that the evidence before the ALJ was sufficient to uphold his finding that Blackmon failed to meet or equal a listed impairment entitling her to a presumption of disability and an award of benefits. Winans, 853 F.2d at 647.
 
 V.
 
 18
 Blackmon argues that the ALJ erred in finding that she was able to perform other work. In determining a claimant's residual functional capacity, the ALJ must consider whether the aggregate of the claimant's mental and physical impairments may so incapacitate her that she is unable to perform available work. 20 C.F.R. § 404.1523; Macri v. Chater, 93 F.3d 540, 545 (9th Cir.1996). To make that determination, the ALJ may elicit testimony from a vocational expert, but "the hypothetical must consider all of the claimant's limitations." Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir.1995).
 
 
 19
 Blackmon asserts that the hypothetical that the ALJ posed was insufficient because (1) he stated that Blackmon was capable of "light" exertional level work which is simple and involves limited public contact in a clean air environment; (2) he failed to include fatigue and need for rest; (3) he assumed the role of the vocational expert by stating that the claimant should have minimal contact with people; (4) he appended to his findings that an affective disorder, mental retardation, and major depression were present. Blackmon argues that because of these errors in the hypothetical, the vocational expert's testimony has no evidentiary value. The ALJ wrote in his findings that:
 
 
 20
 [The vocational expert] was presented with a hypothetical question assuming an individual approaching advanced age at 50 to 53 years of age, with a limited education, a past work history such as the claimant's, and a residual functional capacity for light exertional level activities compromised by the need of a clean air environment, simple and low concentration work, and minimal interaction with the public.
 
 
 21
 It appears from the hypothetical that the ALJ took into consideration all of the claimed impairments. As noted by Appellees, the ALJ improperly included the restriction that Blackmon be limited in her contact with the public. However, despite this added limitation, the vocational expert identified several jobs that she thought the claimant was capable of performing. We therefore agree that this error in the hypothetical was harmless. See Booz v. Sect'y of Health/ Human Services, 734 F.2d 1378, 1380-81 (9th Cir.1984).
 
 VI.
 
 22
 We find that substantial evidence exists in the record to support the ALJ's finding that Blackmon can perform light work and is not eligible for an award of benefits.
 
 
 23
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The regulation specifies that
 this procedure requires [the SSA] to record the pertinent signs, symptoms, findings, functional limitations, and effects of treatment contained in [the claimant's] case record.
 
 
 [20]
 C.F.R. 416.920a(b)(1)
 
 
 [2]
 Two related cases that are currently pending before the Ninth Circuit also involve the issue of whether an ALJ complies with 20 C.F.R. § 416.920a (1997). Maier v. Callahan, No. 97-35423 (9th Cir.1997), Sims v. Callahan, No. 97-35224