Diane F. PALERMO, Plaintiff–Appellant,

v.

Jo Anne BARNHART, Commissioner, Social Security Administration,[1] Defendant–Appellee.

No. 00–56225.

D.C. No. CV–99–00400–CFE.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Jo Anne B. Barnhart is substituted for Kenneth S. Apfel as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Diane F. Palermo appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order, and must uphold the Commissioner's decision if it is supported by substantial evidence and free of legal error. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995). We affirm.

The ALJ provided specific and cogent reasons for rejecting Palmero's subjective complaints of pain and incapacity based on contradictions in her testimony, her daily activities, and the medical evidence. *See id.* at 1464.

Although the ALJ found illegible some progress notes written by treating physician Dr. Odubella, the record before the ALJ, including Dr. Odubella's findings, was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996) (holding that the duty to develop the record is only triggered when the ALJ finds the record inadequate to allow for proper evaluation of the evidence). Accordingly, the reports of Palmero's treating, examining, and consulting physicians provide substantial evidence in support of the ALJ's determination that Palermo retained the residual functional capacity to perform medium work including her past relevant work as a receptionist and fast food counter person. *See Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir.1986).

Palermo's contention that the ALJ should have considered the September 5, 1996 report from Dr. Odubella lacks merit because the statement does not state that claimant had a disability during the relevant time period for her disability. *See Flaten*, 44 F.3d at 1461 n. 4 (9th Cir.1995).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.