Elaine Ruth ROBINSON,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commissioner, Social Security Administration,
Defendant–Appellee.

No. 02–15298.

D.C. No. CV–00–02042–JAT.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.**

Decided Nov. 22, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Elaine Ruth Robinson appeals pro se the district court's summary judgment for the Commissioner of Social Security ("Commissioner") on Robinson's claim that the Administrative Law Judge ("ALJ") improperly determined the onset date of her disability as December 1, 1996, and not November 30, 1992. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the district court order affirming the Commissioner's denial of social security benefits. *Armstrong v. Commissioner of the Soc. Sec. Admin.,* 160 F.3d 587, 589 (9th Cir.1998). If the Commissioner applied the correct legal standards and substantial evidence supports

* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the Commissioner's decision, it must be affirmed. *Id.*

None of Robinson's examining and treating physicians opined that Robinson's multiple sclerosis was disabling prior to December 20, 1996. The medical reports and the testimony of the vocational expert constitute substantial evidence supporting the ALJ's conclusion that Robinson was capable of performing her past relevant work as a secretary/clerk until December 1, 1996. *See Villa v. Heckler,* 797 F.2d 794, 796 (9th Cir.1986) (stating that while the Secretary could have chosen an earlier onset date the question we face is whether the chosen onset date is supported by substantial evidence, not whether an earlier date could have been supported).

The May 1992 report of Robinson's treating physician Dr. Sibley, that Robinson had never been disabled for purposes of full time employment, provided clear and convincing reasons for finding Robinson's testimony not credible. *See Johnson v. Shalala,* 60 F.3d 1428, 1433–34 (9th Cir.1995) (finding clear and convincing reasons based on contradictions between claimant's testimony and the relevant medical evidence). Furthermore, the ALJ properly rejected the opinion of vocational consultant Richard W. Vandenberg because it was based on a one-time evaluation, and conflicted with both Robinson's testimony and Dr. Sibley's reports. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Bird's request for oral argument.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.