FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENDY PARKER,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>    Defendant - Appellee. | No. 08-56616<br><br>D.C. No. 2:07-cv-06887-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding

Submitted June 7, 2010[**]
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and DOWD, Senior District
Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable David D. Dowd, Jr., Senior United States District
Judge for the Northern District of Ohio, sitting by designation.

Rendy Parker ("Parker") appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of Parker's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. At step four of the evaluation process, the Administrative Law Judge ("ALJ") determined that Parker's past relevant work was "bank collector," which required only sedentary exertion, and also determined on the basis of Parker's residual functional capacity that she could perform her past relevant work as it is generally performed in the national economy. Parker alleges that the ALJ's finding regarding her past relevant work was made in error. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's order affirming the Commissioner's denial of benefits de novo. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The underlying decision of the ALJ, however, is entitled to deference. We will reverse the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence." *Id.* Substantial evidence means more than a mere scintilla but less than a preponderance. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). It also means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

2

We conclude that substantial evidence supports the ALJ's finding that Parker was a "Collection Clerk" or "bank collector," as that occupation is defined in the *Dictionary of Occupational Titles*, No. 216.362-014.[1] Parker told a disability analyst that she worked in a bank in the collection department and that she sat for most of the day, except when she had to retrieve files. At the hearing before the ALJ, Parker testified, concerning her most recent employment, that she was "working from home" and was a "loan collector." When asked about her duties as a "loan collector," Parker elaborated: "We did phone work, and if the cars were repossessed, we went out to the repo [sic] dealership and took inventory and stuff like that." Parker also described the collection department work as "all day you're on the telephone collecting payments." Parker testified that she was responsible for processing payments and explained that she did not have to mail the checks because she worked "in the bank." The ALJ also asked Parker how many times a month she would leave the bank to perform inventory on the repossessed cars. Parker said, "Maybe twice. It depends on if it was my vehicle that I put out for repossession that was repossessed." This evidence sufficiently supports the ALJ's finding that Parker's past relevant work was as a "Collection

---

[1]     Because we affirm on substantial evidence, we do not address the district court's alternative harmless-error analysis.

3

Clerk," or "bank collector." *See DOT* No. 216.362-014 (describing the duties as requiring the receiving and processing of negotiable instruments and other paperwork and acting as an agent for collections); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (concluding that the claimant's testimony about his past relevant work was "highly probative").

The ALJ concluded that Parker could perform her past relevant work at the sedentary level as it is generally performed in the national economy, not as Parker may have actually performed it in her particular position. *See Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) ("The claimant has the burden of proving an inability to return to his former *type* of work and not just to his former job."); *see also Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (same) (citing SSR 82-61, 1982 WL 31387 (1982)). *DOT* No. 216.362-014, on which the ALJ relied, contemplates a certain amount of limited standing that Parker was able to perform. *Id.* ("Sedentary work . . . may involve walking or standing for brief periods of time.").

In the circumstances here, the ALJ was not required to seek the input of a vocational expert. *See Matthews*, 10 F.3d at 681 ("The vocational expert's testimony was thus useful, but not required."). We do not address the merits of Parker's contention that the agency allegedly made a prior finding regarding her past relevant work because Parker did not raise that issue before the district court

and therefore waived it.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**